IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Paula Williams Rahmaan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:08-cv-2909-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| Wal-Mart Stores, Inc., | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's Report and Recommendation (R&R) that this court should grant defendant's motion for summary judgment. Plaintiff asserts the following claims: (1) failure to accommodate her alleged disability in violation of the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. § 12101, *et seq*.; (2) hostile work environment based on her alleged disability in violation of the ADA; and (3) retaliation in violation of Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Defendant argues that plaintiff is not "disabled" pursuant to the ADA, and accordingly, her first two claims should fail. Defendant also argues that plaintiff offers no facts supporting a Title VII retaliation claim. For the reasons set forth below, this court adopts the R&R prepared by the magistrate judge and grants defendant's motion for summary judgment.

## I. BACKGROUND

Upon review of the pleadings and the magistrate judge's R&R, this court adopts the procedural history, factual background, and evidence as set forth in the R&R. The

1

magistrate judge determined that plaintiff is not a qualified person with a disability, the first element necessary for each of her two ADA claims. Therefore, the magistrate judge recommends dismissal of those claims. The magistrate judge also recommends dismissal of the Title VII retaliation claim because plaintiff failed to allege retaliation based on her membership in a class protected by the statute.

In response to the R&R, plaintiff filed factual and legal objections. First, plaintiff claims that the facts of employment in the R&R omit the attempted termination of plaintiff's employment via telephone by Wal-Mart manager Dessie Anne McClam, as well as the "extensive harassment" experienced by plaintiff "at the hands of her supervisors."[1] Objections 5. Second, plaintiff claims that pursuant to 42 U.S.C. § 12102(1)(A)-(C), she has a disability that substantially limits a major life activity, a record of disability, and the defendant regarded her as having a disability. Plaintiff alleges that the work restrictions established by her physician substantially limited her ability to perform several jobs. Plaintiff alleges that she has a record of disability based on "extensive medical records," in addition to requests for leave and "return to work statements" provided to defendant. Objections 8-9. Plaintiff alleges that defendant regarded her as disabled because "[o]n several occasions[,] she was required to inform management that she had permanent restrictions," and defendant was the party that informed her of her right to apply for disability accommodation. Objections 8.

---

[1] Plaintiff asserts that the alleged harassment consisted of: (1) requiring "excessive documentation" from plaintiff while not requiring the same from other employees; (2) not including plaintiff on the work schedule; and (3) denying plaintiff other positions at Wal-Mart, including a position in the pharmacy.

Plaintiff's third and final objection regards plaintiff's hostile work environment claim under the ADA. Plaintiff claims that at the very least she has established that defendant perceived her as disabled, and that the magistrate judge "blatantly ignore[d] all issues that occurred in the Plaintiff's claims." Objections 9. In essence, plaintiff asserts that she has met the first element required for a hostile work environment claim—she is a qualified individual with a disability—and the court should now examine all of the circumstances surrounding the alleged discriminatory conduct. Plaintiff did not object to the magistrate judge's recommendation to dismiss her Title VII retaliation claim.

## II. STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific, written objection is made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review, under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50. A party's general objections are not sufficient to challenge a magistrate judge's findings. Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636 (b)(1).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The nonmovant must then "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. The nonmovant "'may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Evidence should be viewed in the light most favorable to the nonmoving party and all inferences drawn in its favor. Anderson, 477 U.S. at 255. However, a mere "scintilla" of evidence will not preclude summary judgment. Id. at 252.

### IV. DISCUSSION

"The ADA prohibits discrimination by a covered entity, including a private employer . . . 'against a qualified individual with a disability.'" Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 467 (4th Cir. 2002) (citing 42 U.S.C. § 12111(2) and quoting 42 U.S.C. § 12112(a)). "Therefore, in order to come within the ADA's protected

class, a plaintiff must first show that she is disabled within the meaning of the Act." Pollard, 281 F.3d at 467. To prove that plaintiff is a qualified individual with a disability, plaintiff must show: "(1) that she has a disability, (2) that she is a 'qualified individual' for the employment in question, and (3) that [defendant employer] discharged her (or took other adverse employment action) because of her disability." EEOC v. Stowe-Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000). "The term 'disability' means, with respect to an individual – (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1)(A)-(C).

The major life activity addressed by plaintiff is the life activity of working. Taylor v. Federal Express Corp., 429 F.3d 461, 463 (4th Cir. 2005) (assuming without deciding that working is a major life activity). Plaintiff's deposition reflects that her doctor ordered permanent restrictions not to lift more than fifteen pounds, prohibited overhead lifting, and required her to alternate sitting, standing, and walking. Rahmaan Dep. 199-120. The R&R correctly determines that these limitations do not substantially limit plaintiff's major life activity of working.

> To be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

Taylor, 429 F.3d at 464 (citing Sutton v. United Air Lines, Inc., 527 U.S. 471, 492 (1999)). "'With respect to the major life activity of working[,] [t]he term *substantially*

*limits* means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" Taylor, 429 F.3d at 464 (quoting Toyota Motor Mfg., Ky, Inc., v. Williams, 534 U.S. 184, 200 (2002) (quoting EEOC regulations)). In Taylor, the Fourth Circuit held that plaintiff's thirty-pound lifting restriction did not preclude him from a broad class of jobs; however, the court cautioned against the existence of "a *per se* rule that a . . . lifting restriction can never constitute a disability. The Supreme Court has made clear that disability determinations require an individualized inquiry." Taylor, 429 F.3d at 463 n.2 (citing Williams, 534 U.S. at 198; Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 556 (1999)).

On August 25, 2007, following establishment of plaintiff's permanent work restrictions by her physician, plaintiff accepted a position as an exit greeter, without accommodation, and informed defendant that she had the ability to perform the functions of that position. Rahmaan Dep. 195-198, 208-209. Thus, plaintiff does not have a physical impairment that substantially limits her major life activity of working.

Plaintiff admits that other than a 2003 worker's compensation claim approved by defendant, she has no other record of a disability (Rahmaan Dep. 226), despite the alleged existence of "extensive medical records," leave requests, and return to work forms mentioned in plaintiff's objections to the R&R. This court finds no evidence of a record of disability related to plaintiff's claims.

If plaintiff is to prove that she is a qualified individual with a disability under the ADA, her last resort is to present evidence that defendant regarded her as having a

disability. Defendant's awareness of plaintiff's permanent work restrictions is not sufficient evidence of defendant regarding plaintiff as having a disability. Rohan v. Networks Presentations LLC, 375 F.3d 266, 277 n.19 (4th Cir. 2004) ("That [defendant employer] regarded [plaintiff] as unable to perform 'the specific role for which she was hired' is, standing alone, insufficient to establish a disability . . . .") (quoting Sutton, 527 U.S. at 492)); Haulbrook v. Michelin North America, Inc., 252 F.3d 696, 703 (4th Cir. 2001) ("The fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'") (quoting Kelly v. Drexel University, 94 F.3d 102, 109 (3d Cir. 1996)).

When plaintiff informed supervisor Dessie Anne McClam of her permanent work restrictions, McClam informed plaintiff that she would have to apply for "an open and available job within her permanent restrictions or request an ADA accommodation from [defendant]." McClam Aff. ¶ 10. Plaintiff submitted an ADA accommodation request, which was then denied by defendant in November 2006 because plaintiff was not found to be "disabled." McClam Aff. ¶ 11. According to plaintiff's deposition, she does not think that others employed by defendant consider her to have a disability. Rahmaan Dep. 166. When asked if anyone at her place of employment perceived her as having a disability, the plaintiff responded, "I don't know. You have to ask them." Rahmaan Dep. 166. Plaintiff offers no evidence supporting the assertion that defendant regarded her as having a disability.

To prove plaintiff's second ADA-based claim, creation of a hostile work

7

environment, she must prove that:

> (1) [she] is a qualified individual with a disability; (2) [she] was subjected to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.

Fox v. General Motors Corp., 247 F.3d 169, 177 (4th Cir. 2001) (internal citation omitted). In the context of her first ADA claim above, this court determined that plaintiff failed to present any evidence showing her to be a "qualified individual with a disability." As a result, her hostile work environment claim also fails.

Plaintiff did not object to the magistrate judge's recommendation to dismiss her Title VII retaliation claim. Title VII offers protections based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. "Disability" is not a protected class under the statute; therefore, this court dismisses plaintiff's Title VII retaliation claim.

## V. CONCLUSION

For the foregoing reasons, the magistrate judge's recommendation is **ADOPTED**, and defendant's motion for summary judgment is **GRANTED**.[2]

**AND IT IS SO ORDERED**.

---

[2] On May 5, 2009, defendant filed a motion in limine regarding evidentiary matters. This court's ruling on defendant's summary judgment motion renders the motion in limine moot.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 8, 2010**
**Charleston, South Carolina**